**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| STRIKE 3 HOLDINGS, LLC, |
|     Plaintiff, |
|     v. |
| JOHN DOE, subscriber assigned IP address 208.58.213.122 |
|     Defendant. |

Civil Action No. 1:23-cv-187

**MEMORANDUM OPINION**

(March 10, 2023)

Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff"), a leading producer of subscription-based adult films, alleges that John Doe Defendant ("Defendant"), an unknown internet user, violated Plaintiff's rights under the United States Copyright Act of 1976 by illegally downloading and distributing twenty-five of Plaintiff's films.  Pending before the Court is Plaintiff's [5] Motion for Leave to Serve a Third-Party Subpoena.  Because Plaintiff has no means of discovering Defendant's name and address but through compelled discovery, and because Plaintiff cannot proceed in this matter without that information, the Court shall, upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, **GRANT** Plaintiff's Motion.

**I. BACKGROUND**

The United States Copyright Act of 1976 prohibits, *inter alia*, the direct infringement of copyrighted works.  *See generally* 17 U.S.C. §§ 101 *et seq.*  Specifically, the Copyright Act

---

[1] The Court's consideration has focused on the following documents and their attachments and/or exhibits: Pl.'s Compl., ECF No. 1 ("Compl."); Pl.'s Mot. for Leave to Serve a Third-Party Subpoena, ECF No. 5 ("Pl.'s Mot."); Pl.'s Notice of Errata, ECF No. 6 ("Notice").  In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

grants to the copyright holder the exclusive rights to reproduce, distribute, and perform the copyrighted works, as well as to prepare works derivative of the original copyrighted work. *Id.* § 106.  Copyright owners whose exclusive rights are infringed have a private right of action for damages, injunctive relief, and attorneys' fees. *Id.* §§ 501 *et seq.*

Plaintiff brings this suit pursuant to that private right of action, alleging violations of the Copyright Act.  Compl. ¶¶ 6, 51–52.  Plaintiff is the owner and distributer of copyrighted adult motion pictures. *Id.* ¶¶ 2–3, 42.  Plaintiff alleges Defendant used the BitTorrent file network, a software system designed to efficiently move large files over the internet, to illegally download and distribute twenty-five of Plaintiff's motion pictures in violation of the Copyright Act. *Id.* ¶¶ 4, 17, 28.  Plaintiff was able to detect these BitTorrent transactions and trace them to Defendant's Internet Protocol ("IP") address through the use of its proprietary software, VXN Scan. *Id.* ¶¶ 28–43; *see generally* Notice, Ex. A (hereinafter "Williamson Decl.") ¶¶ 43–77. Defendant's IP address was identified as 208.58.213.122.  Compl. at 1.  Plaintiff then used geolocation technology by Maxmind Inc. to identify the city in which Defendant's IP address is located as well as the Internet Service Provider ("ISP") administering that IP address.  Compl. ¶ 9; Williamson Decl. ¶ 78.  Defendant's ISP is RCN.  Compl. ¶ 5.

As Plaintiff emphasizes, the only relevant identification information that it can obtain through these processes is the IP address, city, and ISP of the BitTorrent user—not their name or address.  Compl. ¶ 12; Pl.'s Mot. at 1.  Only the ISP who manages that IP address, in this case RCN, knows the name of the internet user. Pl.'s Mot. at 1. And because the name and address of Defendant Doe has qualified protection under the *Cable Communications Act of 1984*, 47 U.S.C. § 551(c)(2)(B), RCN cannot produce Defendant's information absent a court order. *Id.* at 7.

Plaintiff filed their Complaint against Defendant Doe on January 23, 2023.  Compl. at 1.

They allege that the "Defendant attempted to hide [their] theft by infringing Plaintiff's content anonymously," but that RCN "can identify Defendant through his or her IP address." *Id.* ¶ 5. On February 1, 2023, Plaintiff filed the pending [5] Motion for Leave to Serve a Third-Party Subpoena to uncover the identity of Defendant by subpoenaing from RCN the true name and address of the Defendant to whom the relevant IP address is registered. *See generally* Pl.'s Mot. The Court now addresses this request for third-party discovery.

## II. LEGAL STANDARD

A party may not seek discovery from any source before the parties have conferred at a discovery conference, subject to certain exceptions including "when authorized... by court order." Fed. R. Civ. P. 26(d)(1). In cases where the defendant is unknown, a party "cannot serve its complaint—much less confer with the defendant—without obtaining identifying information form a third party." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C Cir. 2020). Accordingly, "the only potential avenue for discovery is [a court order] under Rule 26(d)(1)." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014). "[D]istrict courts have broad discretion" to allow for such discovery but are nonetheless "cabined by Rule 26(b)'s general limitations on the scope of discovery." *Strike 3 Holdings, LLC*, 964 F.3d at 1207–08. Rule 26(b)(1) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense *and proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). This rule previously required a "'good cause' standard for court-ordered discovery" that was "replaced... with the overarching relevance and proportionality standard." *Strike 3 Holdings, LLC*, 964 F.3d at 1207 n.2 (citing Fed. R. Civ. P.

26(b)(1) (2015)).  "[C]ourts must look carefully to the complaint's allegations to determine if the requested discovery is relevant and proportional to the needs of the case."  *Id.* at 1210.

### III. DISCUSSION

The Court is satisfied that Plaintiff's motion for third-party discovery is both relevant and proportional, as is now explained.

### A.  Relevance

Discovery to uncover an unnamed defendant is relevant when it is necessary and likely to reveal the defendant's identity, and when a plaintiff's allegations demonstrate a threshold showing of personal jurisdiction.  *See id.* at 1210–11; *see also AF Holdings, LLC*, 752 F.3d at 995–96.

#### 1.  Defendant's Identity

"It is well established that [a] Plaintiff [is] permitted to proceed against [a] John Doe Defendant[] so long as discovery can be expected to uncover the defendant's identity."  *Strike 3 Holdings, LLC*, 964 F.3d at 1210 (citing *Newdow v. Roberts*, 603 F.3d 1002, 1010–11 (D.C. Cir. 2010)).  At this stage, courts do not "pass judgment on the strength" of the plaintiff's claims against any potential Defendant.  *Id.*  Rather, courts need only "determine whether the plaintiff should have the opportunity to name that defendant in the first place."  *Id.*

Here, Plaintiff sufficiently alleges that its requested discovery is necessary and likely to uncover the identity of the internet user who allegedly violated Plaintiff's rights under the Copyright Act.  Plaintiff states that "Defendant has attempted to hide [their] theft by infringing Plaintiff's content anonymously."  Compl. ¶ 5.  And, although Plaintiff has successfully tracked the alleged infringer to a specific IP address using VXN Scan and then identified the ISP associated with that IP address using Maxmind Inc., they cannot obtain the name and address of

4

the user to whom that IP address belongs.  Notice, Ex. B (hereinafter "Paige Decl.") ¶¶ 26–28;

Compl. ¶¶ 12, 29–44.  Rather, "Defendant's ISP RCN is the only entity that can correlate the IP

address to its subscriber and identify Defendant as the person assigned the IP address

208.58.213.122 during the time of the alleged infringement."  Paige Decl. ¶ 28.  To support this

assertion, Plaintiff offers the declarations of an independent computer forensics expert and of

Strike 3's Chief Technology Officer, who created the VXN Scan software used to identify

Defendant's IP address.  *See generally* Williamson Decl.; Paige Decl.

Plaintiff does recognize that "the subscriber (the Defendant here) may not be the

infringer, [but] that is an issue for another day."  Pl.'s Mot. at 5.  Plaintiff is correct—other

Courts in this Circuit have held that "[a]lthough the subscriber may not have been the actual

infringer, at this stage Strike 3 need only demonstrate that learning the subscriber's identity may

help it identify the infringer."  *Strike 3 Holdings, LLC v. Doe*, No. 20-03040, 2021 WL 3021459,

at *3 (D.D.C. July 16, 2021) (RC/RMM); *see also Achte/Neunte Boll Kino Beteiligungs Gmbh &

Co. v. Does 1-4, 577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (RMC) ("the merits of this case

are not relevant to the issue of whether the subpoena is valid and enforceable").  And should the

person behind the IP address not be the person who was using BitTorrent to illegally download

and distribute Plaintiff's films, they can raise those defenses at a later time, *id.* at 215–16

(citation omitted); furthermore, it is at least likely that they would have information about who

was in fact engaging in the allegedly illegal activity.

The Court therefore finds that Plaintiff's requested discovery is necessary and likely to

uncover the identity of Defendant Doe.

### 2.  Personal Jurisdiction

Relevancy also requires a "threshold showing" that the court will have personal

jurisdiction over the unknown Defendant. *AF Holdings, LLC*, 752 F.3d at 995. "In other words, if a plaintiff plainly has no realistic chance of successfully suing the defendant, [the court] will not allow the plaintiff to abuse the discovery process by seeking irrelevant information." *Strike 3 Holdings*, 964 F.3d at 1210–11 (cleaned up); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.").

Personal jurisdiction within the District of Columbia may be established under two different provisions: (1) general jurisdiction under D.C. Code § 13–422 (2001); and (2) specific jurisdiction under D.C. Code § 13–423 (2001). The general jurisdiction provision authorizes courts in this jurisdiction to "exercise general personal jurisdiction over a person who is 'domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief.'" *Pease v. Burke*, 535 F. Supp. 2d 150, 152 (D.D.C. 2008) (EGS) (quoting D.C. Code § 13–422). "To establish personal jurisdiction over a nonresident, a court must… first examine whether jurisdiction is applicable under the state's longarm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (quoting *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)). Pursuant to D.C. Code § 13–423, the District's long-arm statute, a court is authorized to exercise specific jurisdiction over a non-resident defendant who, among other things, "acts directly or by an agent, as to a claim for relief arising from the person's… transacting any business in the District of Columbia;… contracting to supply services in the District of Columbia;… [or] causing tortious injury in the District of Columbia by an act or omission in the District of Columbia" or "outside the District of Columbia if [the defendant] regularly does or

solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13–423(a)(1)–(4). While general personal jurisdiction permits a court to hear "a suit… without regard to the underlying claim's relationship to the defendant's activity" in the forum, specific personal jurisdiction allows only those claims "based on acts of a defendant that touch and concern the forum." *Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 5 (D.D.C. 1996) (citing *Steinberg v. Int'l Crim. Police Org.*, 672 F.2d 927, 928 (D.C. Cir. 1981)); *see also* D.C. Code § 13–423(b) ("When jurisdiction over a person is based solely upon [§ 13–423], only a claim for relief arising from acts enumerated in this section may be asserted against him.").

District of Columbia courts have interpreted the District of Columbia's specific jurisdiction provision "to provide jurisdiction to the full extent allowed by the Due Process Clause." *U.S. v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). A court's jurisdiction over a defendant satisfies due process when there are "minimum contacts," *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945), between the defendant and the forum "such that he should reasonably anticipate being hailed into court there," *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Such minimum contacts must show that "the defendant purposefully avail[ed] [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Plaintiff has made out a "threshold showing" that this Court would have either general personal jurisdiction or specific personal jurisdiction over Doe Defendant. Plaintiff alleges that using Maxmind Inc.'s geolocation technology, it has traced Defendant's IP address to a physical location within the District. Compl. ¶¶ 8–9; Pl.'s Mot. at 8. The United States Court of Appeals for the District of Columbia has found that this geolocation method is "certainly sufficiently

accurate to provide at least some basis for determining whether a particular subscriber might live in the District of Columbia," although the technology is not 100 percent accurate.  *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 996 (D.C. Cir. 2014).  Plaintiff alleges that Defendant used this IP address physically located in the District of Columbia at least twenty-five times over the course of thirteen months.  *See* Compl. Ex. A.

General personal jurisdiction under D.C. Code § 13–422 would be satisfied if Defendant Doe is a natural person domiciled in the District of Columbia or a company organized and maintaining a principle place of business in the District.  Defendant's regular use of the IP to engage in the allegedly illegal activity—twenty-five times in a thirteen-month span—creates a reasonable inference that they might be a natural person domiciled in the District.  *See Strike 3 Holdings, LLC*, 2021 WL 3021459, at *3.

Specific personal jurisdiction under D.C. Code § 13–423 would be satisfied if Defendant has caused tortious injury in the District of Columbia such that there are minimum contacts between the Defendant and the District.  *See Nu Image, Inc. v. Does 1-23, 322*, 799 F. Supp. 2d 34 n.3 (D.D.C. 2006) (RLW) (noting that "it is well established in this jurisdiction that a claim for copyright infringement sounds in tort") (citing *Stabilisierungsfonds Fur Wein v. Kaiser*, 647 F.2d 200, 207 (D.C. Cir. 1981)).  Defendant's repeated use of the IP address while physically located in the District to allegedly infringe on Plaintiff's exclusive rights by downloading and distributing Strike 3's copyrighted works would constitute such tortious injury.  *See* Compl. ¶ 4; Pl.'s Mot. at 9.  Accordingly, the Court finds that Plaintiff has demonstrated a "threshold showing" of either general or specific personal jurisdiction.

It is not necessary to determine whether Plaintiff will actually succeed in establishing personal jurisdiction over Doe Defendant because "the mere possibility that an unnamed

defendant may defeat a complaint at a later stage is not a legitimate basis to deny a Rule 26(d)(1) motion that otherwise satisfies Rule 26's discovery standards." *Strike 3 Holdings, LLC*, 964 F.3d at 1211.  The Court finds that Plaintiff has a "realistic chance" of identifying a Defendant over which this Court could exercise personal jurisdiction.  *Id.* at 1210.

*          *          *

Altogether the Court finds that Plaintiff's motion for third-party discovery satisfies the relevancy requirement.

### B. Proportionality

Having established the relevance of Plaintiff's discovery request, the Court turns to proportionality.  Rule 26(b)(1) instructs that in assessing proportionality, courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

The rulemakers acknowledged that "[t]he parties may begin discovery without a full appreciation of the factors that bear on proportionality. A party requesting discovery, for example, may have little information about the burden or expense of responding."  Fed. R. Civ. P. 26(b) advisory committee's note to the 2015 amendment.  Here, where Defendant has yet to be identified, the Court cannot sufficiently address "the parties' resources."  *Cf. Goodwin v. D.C.*, No. 21-cv-806, 2021 WL 1978795 at *6 n.2 (D.D.C. May 18, 2021) (BAH) (noting that "given the current posture of the case, before discovery has formally commenced, consideration of whether the discovery sought is 'unreasonably cumulative or duplicative' is inapplicable").  Additionally, because "the importance of the discovery in resolving the issues" is the same as the

relevance of the discovery request discussed above—that being to identify the unknown Defendant—the Court does not address this factor.  The Court addresses the remaining factors in turn.

### 1.  Importance of the Issues at Stake

The importance of the issues at stake in the action leans in favor of granting Plaintiff's discovery request.  As previously explained, Plaintiff alleges that Defendant distributed Plaintiff's works in violation of the Copyright Act.  Copyright enforcement was sufficiently important to the Framers to enshrine its purpose in the Constitution.  U.S. Const. art. I, § 8, cl. 8 ("The Congress shall have power… To Promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries").  Though one might quibble about the usefulness of the particular works at issue, the notable breadth of the Copyright Act of 1976 nevertheless evinces the importance of protecting myriad types of works, regardless of their content; it explicitly includes in its protection "original works of authorship fixed in *any* tangible medium of expression."  17 U.S.C. § 102(a) (emphasis added).  Plaintiff has alleged numerous violations of this interest—not just pointing to a few violations, but rather, including records demonstrating twenty-five violations alleging infringement that was "continuous and ongoing."  Compl. ¶ 4, 44; *see also id.* Ex. A.  Given the Copyright Act's purpose and the scope of Plaintiff's allegations, the Court finds the importance of the issue to be sufficient.

### 2.  Amount in Controversy

The amount in controversy also suggests that the Court should grant expedited discovery.  Plaintiff's demand, as requested in its Civil Cover Sheet, is for $150,000.  *See* ECF No. 1-2 (Civil Cover Sheet).  Plaintiff alleges that they have records of twenty-five transactions. Compl.

¶ 4.  As noted above, the Copyright Act allows for recovery of "actual damages and any additional profits of the infringer," 17 U.S.C. § 504(a)(1).  It also allows, alternatively, for recovery of statutory damages of up to $150,000 if, as Plaintiff alleges here, the infringer violated the exclusive rights willfully.  17 U.S.C. § 504(c)(2); *see* Compl. ¶ 52 ("Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2)").  Considering the substantial amount in controversy and number of transactions alleged by Plaintiff, this factor leans in favor of granting Plaintiff's discovery request.

### 3.  Relative Access to Relevant Information

Plaintiff has shown asymmetry in access to relevant information, as this factor necessitates.  *See Oxbow Carbon & Minerals LLC v. Union Pacific Railroad Co.*, 322 F.R.D. 1, 8 (D.D.C. 2017) (PLF/GMH).  Plaintiff asserts that they have a proprietary "infringement detection system called VXN Scan which Strike 3 both owns and uses to identify the IP addresses used by individuals infringing Plaintiff's movies via the BitTorrent protocol." Williamson Decl. ¶ 40. Yet, despite this in-house technical expertise, Plaintiff cannot identify Defendant Doe due to inherent limitations of the software and the protection afforded to ISPs. *See* Pl.'s Mot at 6–7; Paige Decl. ¶ 28. Accordingly, Plaintiff seeks to subpoena ISP RCN, who they allege is "the only entity that can correlate the IP address to its subscriber and identify Defendant."  Paige Decl. ¶ 28.  As Plaintiff phrases it, "[t]he asymmetries could not be starker" and will "halt[] this case in its tracks[] unless the Court issues an order authorizing limited, early discovery."  Pl.'s Mot. at 6.  Because this third party, RCN, retains access over the identity of Doe Defendant that Plaintiff cannot gather independently, this factor also counsels in favor of granting Plaintiff's motion.

### 4.  Burden Versus Benefit of Request

Consideration of the burden of Plaintiff's discovery request, as compared to the likely benefits, suggest granting the request in whole.  Courts must ensure that the benefits are realized without imposing an undue burden on the subpoenaed party.  *See* Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 45(d)(3)(A)(iv) (describing the court's duty, upon a timely motion, to modify a subpoena that "subjects a person to undue burden").

Plaintiff seeks to subpoena the ISP that manages Defendant's IP address.  As discussed above, Plaintiff alleges that RCN is the only entity capable of providing the true name and address of the infringer.  Paige Decl. ¶ 28.  The Court is satisfied that Plaintiff has alleged a link between the entity sought to be subpoenaed and Defendant Doe such that the benefit—revealing Defendant's identity and therefore enabling this litigation to move forward—is likely should the subpoena be issued.  Moreover, the burden to RCN is minimal, as Plaintiff requests only that they produce the true name and address of the person associated with the IP address.  *See Strike 3 Holdings, LLC*, 2021 WL 3021459, at *4 (finding that "[t]he discovery appears to place a minimal burden and expense upon [the ISP], which need only search its records (presumably maintained electronically) to obtain the subscriber information.")

\*      \*      \*

The Court finds that Plaintiff's motion for third-party discovery satisfies the proportionality requirement.

### IV. CONCLUSION

The Court has found that Plaintiff's discovery request is both relevant to Plaintiff's claim and to the needs of the case.  For the foregoing reasons, the Court shall **GRANT** Plaintiff's [5] Motion for Leave to Serve a Third-Party Subpoena.  An Order

accompanies this Memorandum Opinion.

/s/
COLLEN KOLLAR-KOTELLY
United States District Judge